Case 5:07-cv-05490-JF   Document 1   Filed 10/29/2007   Page 1 of 17

Anthony Boskovich, No. 121198
Law Offices of Anthony Boskovich
28 N. First Street, 6th Floor
San Jose, California 95113-1210

(408) 286-5150
policemisconduct@xompuserve.com

Attorney for plaintiff JERMAINE MONTIEL



IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JERMAINE MONTIEL,

        Plaintiff,

v.

OFFICER M. WILLIAMS, BADGE NO. 3751, individually and in his capacity as a San Jose police officer; SERGEANT C. SHEPPARD, BADGE NO. 3125, individually and in his capacity as a San Jose police officer and supervisor; OFFICER HERNANDEZ, BADGE NO. 3898, individually and in his capacity as a San Jose police officer; OFFICER RODRIGUEZ, BADGE NO. 3087, individually and in his capacity as a San Jose police officer; JOHN DOE and RICHARD ROE, individually and in their capacities as San Jose police officers, the true names and exact numbers of whom are unknown at this time; ROBERT DAVIS, individually and in his capacity as Chief of Police for the City of San Jose; CITY OF SAN JOSE, a municipal corporation,

        Defendants.

No. C07 05490 HRL

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – JURY TRIAL DEMANDED

//
//
//

Complaint for Violation of Civil Rights – Jury Trial Demanded

Page 1

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of San Jose, which is within this judicial district.

## PARTIES

2. Plaintiff JERMAINE MONTIEL is and at all times herein mentioned was, a citizen of the United States and a resident of San Jose, California.

3. Defendant CITY OF SAN JOSE ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant ROBERT DAVIS (hereinafter "DAVIS") at all time mentioned herein was the Chief of Police for CITY, acting under the color of law and in the course and scope of his employment for defendant CITY.

4. At all times mentioned herein, defendants WILLIAMS, SHEPPARD, HERNANDEZ, RODRIGUEZ, JOHN DOE and RICHARD ROE (hereinafter "OFFICERS"), were employed as police officers for defendant CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CITY.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 2

# STATEMENT OF FACTS

5. The San Jose police department has a custom and practice among its officers, known to its supervisory personnel, of harassing and intimidating citizens an officer deems to be unsavory or who the officer determines has a bad attitude, or when the officer believes that an officer may have committed some misconduct. As part of this harassment, San Jose police officers accuse that citizen of some minor crime which will be virtually impossible to prove or disprove, and then take that person into custody and into jail. One such "cover charge" is violation of California Penal Code section 647, subdivision (f), so-called "drunk in public".

6. As part of this scheme, officers take the person into custody knowing that the citizen does not meet all of the elements for the crime, and purposely do not perform a chemical test which would expose their misdeed. Additionally, they incarcerate the person either in their own facility or the jail, knowing that no chemical test will be performed, and also knowing that the citizen will be detained for a sufficiently long period of time so that if the citizen were to have a chemical test performed upon his or her release the results would be inconclusive.

7. Should the district attorney decide to actually file charges, which is rare enough, it is very common for the charges to be dismissed due to insufficiency of the evidence. This does not disturb the police because they accomplished their mission -- to harass the citizen.

8. Additionally, the CITY, DAVIS, and San Jose police command personnel know that its officers are inadequately trained on the elements of Penal Code section 647, subdivision (f), know that it has a likelihood for at best improper application and at worst intentional abuse, yet despite that knowledge do nothing to determine if its OFFICERS are properly applying the law to the facts presented, and thereby implicitly condone if not encourage abuse of the statute.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 3

9. On 26 August 2006, plaintiff drove his friend, who was intoxicated, to Kaiser Santa Teresa Hospital because his friend had been stabbed. Plaintiff was not intoxicated.

10. When they arrived at the hospital, San Jose police were summoned to investigate the crime. At some point during the incident, plaintiff's friend became agitated. At this point, although plaintiff had done nothing wrong, he was handcuffed by OFFICERS, told he was under arrest, and then told to sit down on the floor even though there were chairs available. When plaintiff asked why, he was told that he was being handcuffed because "your friend is a jerk."

11. Plaintiff's friend, although injured, was handcuffed and escorted out of the hospital. During this process, OFFICERS uncuffed plaintiff and told him to go home.

12. Plaintiff attempted to leave, and then saw that his friend was handcuffed and on the ground, seemingly in a scuffle with the OFFICERS.

13. Plaintiff asked WILLIAMS and SHEPPARD what his friend had done wrong, and also told them that his friend's ankle was injured, and without warning WILLIAMS and SHEPPARD forcibly grabbed plaintiff by the arms, pulling them violently behind his back, and took him to the ground. During the process, plaintiff's arm was broken, and he was screaming in agony.

14. Knowing that they had injured plaintiff, and knowing that he had done nothing wrong, OFFICERS applied their training and experience and initiated the custom of the San Jose police and began the process of arresting plaintiff for violation of Penal Code section 647, subdivision (f). Despite the fact that they had broken plaintiff's arm and that they were at a hospital emergency room, WILLIAMS, SHEPPARD, and other OFFICERS proceeded to initially deny injury, but

when they realized that they could not make that stick they proceeded to handcuff plaintiff behind his back, causing him extreme pain, and made him walk to the police car.

15. WILLIAMS transported plaintiff to Santa Clara Valley Medical Center, some 12 miles away from the hospital they were at, and plaintiff was seen by medical staff. Plaintiff was diagnosed with a possible separated shoulder, given morphine, and a closed reduction was performed. Despite the fact that OFFICERS were taking the position that plaintiff was so intoxicated that he was unable to care for himself, medical staff at Valley Medical Center determined that although in pain plaintiff's mental status was perfectly normal and that he was able to respond appropriately and make medical decisions. No alcohol tests were performed because there was no clinical indication that plaintiff was under the influence of alcohol.

16. Upon clearance by medical staff OFFICERS transported plaintiff to jail, where no chemical tests were offered or given, and they recommended charging plaintiff violation of Penal Code section 647, subdivision (f), all the while never including in their report that plaintiff exhibited no signs of intoxication and that there was no probable cause to arrest plaintiff for anything.

17. Upon release from jail, plaintiff went to O'Connor Hospital and it was determined that the officers had indeed broken his arm.

18. Based upon the false police report written by OFFICERS, plaintiff was charged with violation of California Penal Code section 647, subdivision (f). Charges were dismissed on 21 May 2007 due to insufficiency of the evidence.

//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded                                                                                                Page 5

# DAMAGES

19. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

20. As a further proximate result of defendants' conduct, plaintiff has incurred expenses and lost time from his usual occupation.

21. As a further proximate result of defendants' conduct, plaintiff has incurred medical expenses, and will continue to incur medical expenses in the future.

22. The conduct of defendant OFFICERS was malicious, wanton, and oppressive. Plaintiff is therefore entitled to award of punitive damages against defendant OFFICERS.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

//
//
//
//
//
//
//

# FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this complaint.

25. In doing the acts complained of, defendants OFFICERS acted under the color of the law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   c. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   d. The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

   e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution; and,

   f. The right to prompt medical attention while in custody as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

26. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1   **WHEREFORE**, Plaintiff prays for relief as set forth.

### SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983)
(Against Defendants CITY OF SAN JOSE and DAVIS)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26 of this complaint.

28. The CITY and DAVIS, Chief of Police for the CITY, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers herein and other San Jose police officers as outlined in paragraphs 5 through 8 of this complaint, and also consisting of the false arrest for offenses as pretext for misconduct, and for excessive force used as punishment for persons invoking their constitutional rights. Despite said notice, defendants CITY and DAVIS have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers. This lack of an adequate supervisorial response by defendants CITY and DAVIS demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force, false arrest, and violation of civil rights of citizens, and plaintiff in particular, by San Jose police officers.

29. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, DAVIS, and their supervisory officials and employees to violations of the constitutional rights of persons by defendant OFFICERS herein, and other members of the San Jose Police Department. The plaintiff's injuries were foreseeable and a

Complaint for Violation of Civil Rights –
Jury Trial Demanded                                                                                   Page 8

proximate result of the deliberate indifference of the CITY and DAVIS to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### THIRD CLAIM FOR RELIEF
(Assault and Battery)
(Against defendants OFFICERS and Officer JOHN DOE and Officer RICHARD ROE)

30. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29 of this complaint.

31. Defendant OFFICERS committed assault and battery against plaintiff by handcuffing him and then violently taking him to the ground, separating his shoulder and breaking his arm, even though they knew that plaintiff had committed no crime.

32. Defendants' conduct was neither privileged nor justified under statute or common law.

33. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//

Complaint for Violation of Civil Rights —
Jury Trial Demanded

1  **FOURTH CLAIM FOR RELIEF**
(Intentional Infliction of Emotional Distress)
2  (Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

4   34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this
5   complaint.

7   35. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous
8   and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized
9   society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the
10  aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional
11  distress upon plaintiff.

13  36. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiff
14  suffered severe and extreme metal and emotional distress. Therefore, plaintiff is entitled to an award
15  of punitive damages as against the individually named police officers. Plaintiff has suffered damages
16  as set forth.

18  **WHEREFORE**, Plaintiff prays for relief as set forth
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //

## FIFTH CLAIM FOR RELIEF
(Negligence)
(Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

## SIXTH CLAIM FOR RELIEF
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against Defendants CITY OF SAN JOSE and DAVIS)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. Defendant CITY and DAVIS have, and at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendant police officers herein so as to avoid the violation of constitutional rights of and unreasonable risk of harm to citizens.

41. Defendants CITY and DAVIS, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers herein and other San Jose police officers as outlined in paragraphs 5 through 8 of this complaint, and also consisting of the false arrest for offenses as pretext for misconduct, and for excessive force used as punishment for persons invoking their constitutional rights.

42. Despite said notice, defendants CITY and DAVIS have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers. This lack of an adequate supervisorial response by defendants CITY and DAVIS demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against, false arrest, and violation of civil rights of citizens, and plaintiff in particular, by San Jose police officers.

43. Defendants CITY and DAVIS breached their duty of care to citizens in that they have failed to adequately train defendant OFFICERS, and other San Jose police officers, in the proper use of force and constitutional rights of citizens in the course of their employment as police officers. This lack of an adequate supervisorial response by defendants CITY and DAVIS, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force, false arrest, and violation of civil rights of citizens by San Jose police officers.

44. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

### SEVENTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)
(Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 of this complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiff to suffer damages as set forth.

47. The conduct of defendant OFFICERS as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

48. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme mental and emotional distress. Plaintiff has suffered damages as set forth.

**WHEREFORE**, Plaintiff pray for relief as set forth.

//
//
//

**EIGHTH CLAIM FOR RELIEF**
(California Civil Code § 52.1)
(Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

49. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 of this complaint.

49. The conduct of defendant OFFICERS as described herein violated California Civil Code § 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through use of wrongful force, false arrest and imprisonment, and falsification of police reports.

50. As a direct and proximate result of defendants' violation of Civil Code § 52.1 plaintiff suffered violation of his constitutional rights, and suffered damages as set forth.

52. Since the conduct of defendant officers occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to respondeat superior.

53. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

## NINTH CLAIM FOR RELIEF
(False Imprisonment)
(Against defendants OFFICERS, and Officer JOHN DOE and Officer RICHARD ROE)

54. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 53 of this complaint.

55. On or about 26 August 2006, defendant OFFICERS detained and then arrested plaintiff maliciously and without a warrant or order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense. Defendant OFFICERS did not have reasonable cause to believe that plaintiff had committed any offense.

56. Defendant OFFICERS transported plaintiff away from the hospital to Valley Medical Center, and then to Santa Clara County Main Jail, and the San Jose police department, where plaintiff was imprisoned until his eventual release.

57. The conduct of defendant OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendant OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against all defendants.

58. As a proximate result, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

//

//

## CLAIM REQUIREMENT

59. For state causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California Law. Plaintiff has complied with all applicable requirements.

## JURY DEMAND

60. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages according to proof;

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988

5. For injunctive relief enjoining defendant CITY from authorizing, allowing, or ratifying the practice by any CITY employee, including all members of the San Jose Police Department, of false arrest for violation of Penal code section 647, subdivision (f), as a pretext and/or when all required elements are not present, and for excessive force used as punishment for persons invoking their constitutional rights, pursuant to California Civil Code § 52.1;

6. Reasonable attorney's fees pursuant to California Civil Code section 52.1, subdivision (h);

//

7. Costs of suit incurred herein; and,

8. Such other and further relief as the Court may deem just and proper.

Dated: 22 October 2007

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiff Jermaine Montiel

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 17