RICHARD DOYLE, City Attorney  (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
MICHAEL R. GROVES, Sr. Deputy City Attorney (#85620)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California  95113-1905
Telephone:  (408) 535-1900
Facsimile:   (408) 998-3131
Email:         cao.main@sanjoseca.gov

Attorneys for Defendants
CITY OF SAN JOSE, ROBERT DAVIS, OFFICER MATTHEW WILLIAMS #3751, SERGEANT CARLTON SHEPPARD #3125, OFFICER JUAN HERNANDEZ #3898, and OFFICER GERARDO RODRIGUEZ #3087

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE MONTIEL,<br><br>                Plaintiff,<br><br>vs.<br><br>OFFICER M. WILLIAMS, BADGE NO. 3751; SERGEANT C. SHEPPARD, BADGE NO. 3125; OFFICER HERNANDEZ, BADGE NO. 3898; OFFICER RODRIGUEZ, BADGE NO. 3087; JOHN DOE AND RICHARD ROE; ROBERT DAVIS; CITY OF SAN JOSE,<br><br>                Defendants. | CASE NO.:  C07-05490 HRL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

In answer to the Complaint on file herein, Defendants, CITY OF SAN JOSE, ROBERT DAVIS, OFFICER MATTHEW WILLIAMS, SERGEANT CARLTON SHEPPARD, OFFICER JUAN HERNANDEZ, and OFFICER GERARDO RODRIGUEZ respond as follows:

1.      In answer to Paragraph 1 of the Complaint, these answering Defendants deny they engaged in any unlawful acts or practices, but admit the Court does have jurisdiction of this matter.

2.      In answer to Paragraph 2 of the Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

3.  In answer to Paragraph 3 of the Complaint, these answering Defendants admit the allegations contained therein.

4.  In answer to Paragraph 4 of the Complaint, these answering Defendants admit that Defendants Williams, Sheppard, Hernandez, and Rodriguez were employed as police officers by the City of San Jose and were working as police officers in the course and scope of their employment, under color of law, at the time of the incident complained of in the Complaint. Defendants deny they engaged in any of the wrongful conduct described in the Complaint and deny the entirety of the last sentence in said paragraph.

5.  In answer to Paragraphs 5 through 8 of the Complaint, these answering Defendants deny each and every allegation contained therein.

6.  In answer to Paragraph 9 of the Complaint, these answering Defendants do not have sufficient information and belief to respond to the allegations in the first sentence and so deny said allegations. As to the second sentence in said paragraph, Defendants deny said allegations.

7.  In answer to Paragraph 10 of the Complaint, these answering Defendants respond as follows:

As to the first sentence, Defendants admit they were present at the hospital in question but deny they were summoned to investigate the stabbing of Plaintiff's friend; as to the second sentence, Defendants admit Plaintiff's friend was agitated the entire time they were present at the hospital; as to the third sentence of said paragraph, Defendants admit Plaintiff was handcuffed at some point, but deny each and every other allegation in said sentence; as to the fourth sentence of said paragraph, Defendants deny each and every allegation contained therein.

8.  In answer to Paragraph 11 of the Complaint, these answering Defendants admit Plaintiff's friend was eventually handcuffed and escorted off the hospital grounds. Defendants also admit that Plaintiff was un-handcuffed at some point and told he had to leave the hospital premises because of his behavior.

9. In answer to Paragraph 12 of the Complaint, these answering Defendants deny that Plaintiff ever attempted to leave the hospital premises. As to the rest of said paragraph, Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

10. In answer to Paragraph 13 of the Complaint, these answering Defendants admit that Plaintiff was apparently injured in some way during Defendants' successful act of stopping Plaintiff's criminal attempt to interfere with the restraint and arrest of his friend, but these answering Defendants deny each and every other allegation contained in said paragraph.

11. In answer to Paragraph 14 of the Complaint, these answering Defendants deny each and every allegation contained therein.

12. In answer to Paragraph 15 of the Complaint, these answering Defendants respond as follows:

As to the first sentence in said paragraph, Defendants admit Plaintiff was transported as described; as to the second and third sentences of said paragraph, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations; In response to the fourth sentence of said paragraph, these answering Defendants acknowledge no alcohol test was performed, but deny that it was because there was no clinical indication that Plaintiff was under the influence of alcohol.

13. In answer to Paragraph 16 of the Complaint, these answering Defendants admit upon clearance from the hospital Plaintiff was transferred to the Santa Clara County Jail where no chemical tests were offered or given, but these answering Defendants deny each and every other allegation contained in said paragraph.

14. In answer to Paragraph 17 of the Complaint, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

15. In answer to Paragraph 18 of the Complaint, these answering Defendants respond as follows:

As to the first sentence of said paragraph, these answering Defendants deny each and every allegation contained therein; as to the second sentence of said paragraph, these answering Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

16. In answer to Paragraph 19 of the Complaint, these answering Defendants admit Plaintiff was injured in some way during Defendants successful act of stopping Plaintiff's criminal attempt to interfere with their subduing and arrest of his friend, but Defendants deny each and every other allegation contained in said paragraph.

17. In answer to Paragraphs 20 through 23 of the Complaint, these answering Defendants deny each and every allegation contained therein.

18. In answer to Paragraph 24 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 17 above.

19. In answer to Paragraph 25 of the Complaint, these answering Defendants admit the officers acted under color of law, but deny each and every other allegation contained in said paragraph and its subparts.

20. In answer to Paragraph 26 of the Complaint, these answering Defendants deny each and every allegation contained therein.

21. In answer to Paragraph 27 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 20 above.

22. In answer to Paragraphs 28 and 29 of the Complaint, these answering Defendants deny each and every allegation contained therein.

23. In answer to Paragraph 30 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 22 above.

24. In answer to Paragraphs 31 through 33 of the Complaint, these answering Defendants deny each and every allegation contained therein.

25. In answer to Paragraph 34 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 24 above.

26. In answer to Paragraphs 35 and 36 of the Complaint, these answering Defendants deny each and every allegation contained therein.

27. In answer to Paragraph 37 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 26 above.

28. In answer to Paragraph 38 of the Complaint, these answering Defendants admit they are required to act reasonably according to the relevant law, but deny each and every other allegation contained therein.

29. In answer to Paragraph 39 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 28 above.

30. In answer to Paragraph 40 of the Complaint, these answering Defendants admit the allegations therein except as to the phrase "mandatory duty of care" which is, in the context, vague and ambiguous such that Defendants do not know its meaning and, therefore, Defendants deny said allegation.

31. In answer to Paragraphs 41 through 44 of the Complaint, these answering Defendants deny each and every allegation contained therein.

32. In answer to Paragraph 45 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 31 above.

33. In answer to Paragraph 46 of the Complaint, these answering Defendants admit they must act reasonably according to the relevant law, but deny each and every other material allegation contained therein.

34. In answer to Paragraphs 47 and 48 of the Complaint, these answering Defendants deny each and every allegation contained therein.

35. In answer to the initial Paragraph 49 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 34 above.

36. In answer to Paragraphs 49 (the second paragraph 49) through 53 of the Complaint, these answering Defendants deny each and every allegation contained therein.

37. In answer to Paragraph 54 of the Complaint, these answering Defendants hereby incorporate paragraphs 1 through 36 above.

38. In answer to Paragraphs 55, 57 and 58 of the Complaint, these answering Defendants deny each and every allegation contained therein.

39. In answer to Paragraph 56 of the Complaint, these answering Defendants admit Plaintiff was transferred to Valley Medical Center, then to the Santa Clara County Jail for incarceration.

40. In answer to Paragraph 59 of the Complaint, these answering Defendants respond as follows:

As to the first sentence, Defendants admit the allegations contained therein; as to the second sentence, Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that the Complaint fails to state a claim upon which relief can be granted

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that any harm Plaintiff suffered was the result of negligent or otherwise wrongful conduct of persons other than these answering Defendants and that the conduct of persons other than these answering Defendants were the sole and proximate cause of the injuries and damages alleged by Plaintiff.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that all actions taken were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, entitling the individual Defendants to the qualified immunity of good faith.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from the state law causes of action pursuant to Government Code Sections 800-1000.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants allege they are immune from the state law causes of action pursuant to Government Code Section 815.2(b) and Section 820.8 granting immunity for an injury caused by the act or omission of another person.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's Complaint is barred in that Plaintiff failed to comply with the claims filing provisions of Government Code § 900, et seq.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's Complaint is barred by the applicable statutes of limitation.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since Defendants were acting in self-defense.

AS FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they were acting in the defense of others.

AS FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the subduing and arrest of Plaintiff was the result of his negligent and/or criminal conduct and that said actions of Plaintiff were the sole and proximate cause of the injuries and damages alleged by the Plaintiff in this case.

AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individually named Defendants are entitled to immunity from Plaintiff's Complaint by virtue of the provisions of Government Code of the State of California, Section 800 through 1000, including, but not limited to Sections 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 822.2.

AS FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the subduing and arrest of Plaintiff was lawful and justified under the facts of the case.

AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are protected by the affirmative defenses provided by California Penal Code Sections 197, 834(a), 835 and 835(a).

1    AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
2 allege that any damages or injuries suffered by Plaintiff were occasioned by his own wrongful
3 actions.
4    AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
5 allege that Plaintiff was careless and negligent in and about the matters referred to in said
6 Complaint, and that such carelessness and negligence proximately caused and contributed
7 to the damage, detriment or injuries sustained by him, if any there were, and that Plaintiff's
8 recovery should therefore either be barred or reduced to the extent of Plaintiff's negligence.
9    AS FOR A SIXTHTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
10 allege that Defendants are informed and believe, and thereon allege, that third parties were
11 careless and negligent in and about the matters referred to in said Complaint, and further that
12 these third parties failed to exercise ordinary or any care regarding matters referred to in the
13 Complaint and such carelessness and negligence on the part of these third parties
14 proximately caused and contributed to the damage, detriment or injury sustained by Plaintiff,
15 if any there was, and that Plaintiff's recovery from Defendants, if any there is, should
16 therefore either be barred or reduced to the extent of the third party's negligence.
17    AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
18 allege that Plaintiff voluntarily, and with full knowledge of the matters referred to in said
19 Complaint, assumed any and all of the risks, hazards and perils of the circumstances
20 referred to in said Complaint, and therefore, assumed the risks of any injuries or damages
21 sustained by him, if any at all.
22    AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, these answering Defendants
23 allege that the acts alleged to have been committed by these answering Defendants was not
24 the cause in fact, proximate or legal cause of Plaintiff's damages, if any.
25    AS FOR A NINETEENTH AFFIRMATIVE DEFENSE, these answering Defendants
26 allege that Defendant CITY OF SAN JOSE is entitled to immunity from Plaintiff's Complaint
27 herein by virtue of the provisions of Government Code §§ 800 through 1000, including but
28 not limited to §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 844.6 and 845.

AS FOR A TWENTIETH AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendant CITY OF SAN JOSE is immune from a claim of exemplary or punitive damages by virtue of Government Code § 818.

AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that any act or omission by these Defendants alleged in said Complaint was a result of the exercise of discretion vested in a public employee, and said Defendants are therefore immune and not liable for such acts (Government Code § 820.2).

AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that these Defendants used reasonable force under the circumstances in all their dealings with the Plaintiff and assert the affirmative defenses provided by Penal Code §§ 835 and 835a.

AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that these Defendants' alleged acts did not result in a deprivation of a constitutional or federal right of Plaintiff.

AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, these answering Defendants assert the affirmative defenses provided by Penal Code §§ 836 and 836.5.

AS FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individual Defendants have no liability and are immune from claims of false arrest and subsequent false imprisonment pursuant to Penal Code § 847.

The conclusory nature of Plaintiff's allegations have made it impossible for Defendants to plead all affirmative defenses that may apply, and as such, Defendants reserve the right to amend their answer at a later time.

//
//
//
//
//
//

WHEREFORE, these answering Defendants pray:

1. That Plaintiff take nothing by his Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That Defendants be awarded their costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

These answering Defendants hereby demand a jury.

Dated: January 22, 2008

RICHARD DOYLE
City Attorney

By: _____/s/_____
    MICHAEL R. GROVES
    Senior Deputy City Attorney

Attorneys for Defendants
CITY OF SAN JOSE, ROBERT DAVIS,
OFFICER MATTHEW WILLIAMS,
SERGEANT CARLTON SHEPPARD,
OFFICER JUAN HERNANDEZ, and
OFFICER GERARDO RODRIGUEZ