UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERMAINE MONTIEL, | ) Case No.: C 07-5490 PSG |
| Plaintiff, | ) **ORDER RE MOTIONS IN LIMINE** |
| v. | ) |
| CITY OF SAN JOSE, et al | ) **(Re: Docket Nos. 72, 73, 74, 75, 78, 79, 80)** |
| Defendants. | ) |

Before the court are the parties' in limine motions. Plaintiff Jermaine Montiel ("Montiel") brings four motions and Defendants City of San Jose, et al (collectively "Defendants") bring three motions. The parties appeared for oral argument on these motions on April 11, 2013. Having reviewed the papers and considered the parties' arguments,

IT IS HEREBY ORDERED that Montiel's motion to exclude the 911 recording from a phone call by Adele Chico ("Chico"), a nurse at the hospital where Montiel was arrested, is GRANTED.

Fed. R. Evid. 801 defines "hearsay" in part as a statement offered "to prove the truth of the matter asserted in the statement." Defendants contend that Chico's statements about the behavior and likely intoxication of Montiel and his friend Brandon Adam ("Adam") are not being offered to establish that Montiel in fact was intoxicated but only to establish the police officers' state of mind when they reached the hospital following the phone call. But as Defendants concede, the officers

1

Case No.: 07-5490 PSG
ORDER

did not hear the substance of the call; they heard only the dispatch notice regarding the incident. Because they did not hear the call, it cannot go to their state of mind. As to Defendants' argument that the call speaks to the hospital staff's state of mind, Defendants have not shown how the staff's state of mind is relevant to Montiel's claims.

Because the tape neither speaks to the officers' state of mind nor provides relevant evidence regarding the hospital staff's state of mind, its inclusion in the case must be only to support a contention that Montiel acted in an intoxicated manner, which makes the statement offered for the truth of the asserted matter. That use represents impermissible hearsay. Given that Chico is on the witness list and can testify to her perception of Montiel's and Adam's behavior at the hospital and that the officers never heard the tape in any event, the court finds the tape should be excluded.

IT IS FURTHER ORDERED that Montiel's motion to exclude evidence of prior arrests and his plea of nolo contendere to a misdemeanor vandalism charge is GRANTED.

Pleas of nolo contendere are inadmissible under Fed. R. Evid. 410. Nothing in these arrests suggests that they speak to Montiel's "character for truthfulness or untruthfulness."[1] Given that Defendants do not object to excluding the evidence, Montiel's previous arrests and nolo contendere plea are properly excluded.

IT IS FURTHER ORDERED that Montiel's motion to exclude photographs of him and mention of a tattoo on his chest that says "By Any Means Necessary"[2] is GRANTED.

Fed. R. Evid. 403 allows exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

---

[1] Fed. R. Evid. 608(b).

[2] Presumably a Malcolm X reference. *See* "By Any Means Necessary," Wikipedia.org, http://en.wikipedia.org/wiki/By_any_means_necessary (last visited April 10, 2013) (noting the phrase "entered the popular culture through a speech given by Malcolm X in the last year of his life.").

2

Case No.: 07-5490 PSG
ORDER

evidence." Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action."[3] Here, Defendants seek to introduce a booking photograph of Montiel, presumably shirtless, and reference his heavily tattooed torso, which was visible because he was shirtless at the time of his encounter with the police, to support the officers' state of mind at the time they arrested Montiel.

Montiel's tattoos, however, are not relevant to the police officers' determination of the appropriate use of force or whether they had probable cause to arrest him. Given that they shed no light on whether the officers' acted within the scope of their authority or pursuant to probable cause for the arrest and because of the possibility that the tattoos may unfairly prejudice Montiel before the jury because they could be inflammatory, the court finds that photographs or references to the tattoos are properly excluded.

IT IS FURTHER ORDERED that Defendants' motion to exclude reference to the district attorney's decision not to file criminal charges against Montiel is GRANTED.

The Ninth Circuit has observed that "[t]he fact that plaintiffs ha[ve] been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests."[4] Because the reasons for a district attorney's decision not to pursue criminal charges are myriad, the possibility for unfair prejudice is substantial.[5] Montiel asserts only that the dropped criminal charges are relevant to his damages claims, but unlike in *Borunda v. Richmond*, on which he relies, he has not explained how the criminal charges being dropped are connected to his harm.[6]

---

[3] Fed. R. Evid. 401.

[4] *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988).

[5] *See Wisler v. City of Fresno*, Case No. CV F 06-1694 AWI SMS, 2008 WL 2880442, at *2 (E.D. Cal. July 22, 2008) (noting various reasons district attorney may drop charges that do not speak to validity of arrest).

[6] *See* 885 F.2d at 1388 (noting that the acquittal may be relevant to show that attorneys fees were reasonable in plaintiffs' damages claim).

3

Case No.: 07-5490 PSG
ORDER

IT IS FURTHER ORDERED that motions to exclude testimony from Jared Zwickey ("Zwickey") and Roger Clark ("Clark") are GRANTED-IN-PART.

Clark and Zwickey may testify as to the "policies and professional standards of practice"[7] but cannot make conclusions regarding whether the officers' behavior and actions met or did not meet those standards.[8] As such, to the extent Clark and Zwickey testify as to the standard regarding the use of force in this case, their testimony may be admissible. But testimony regarding opinions about whether the officers' used excessive force is inadmissible.

IT IS FURTHER ORDERED that Defendants' motion to exclude references to other civil litigation, personnel complaints, and internal affairs investigations is GRANTED.

Defendants seek for the court to exclude any references to previous investigations or litigation. As the Ninth Circuit has indicated, the admissibility of such investigations may be a "close question."[9] Absent details about the investigations at issue, which Montiel has failed to provide even though presumably he seeks to admit references to the investigations, the court cannot determine whether the potential unfair prejudice outweighs the probative value these investigations may provide.[10] Given the unfair prejudice that could result from references to past investigations and that evidence of the investigations may be prohibited by Fed. R. Evid. 404(b), the court excludes any references to other investigations or litigation.

**IT IS SO ORDERED.**

Dated: April 12, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *Cotton ex Rel. McClure v. City of Eureka*, 2011 WL 4047490, at *2 (N.D. Cal. Sept. 8, 2011).

[8] *See Martinez v. Davis*, 2011 WL 238622, at *2 (C.D. Cal. Feb. 4, 2011).

[9] *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1418 (9th Cir. 1986).

[10] *See* Fed. R. Evid. 403.

4

Case No.: 07-5490 PSG
ORDER

Case No.: 07-5490 PSG
ORDER

5