UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JERMAINE MONTIEL, | ) | Case No.: C 07-5490 PSG |
|---|---|---|
| Plaintiff, | ) ) | **PROPOSED JURY INSTRUCTIONS** |
| v. | ) | **(ANNOTATED)** |
| CITY OF SAN JOSE, et al | ) ) | |
| Defendants. | ) ) | |
| | ) ) | |

**IT IS SO ORDERED.**

Dated: June 4, 2013

PAUL S. GREWAL
United States Magistrate Judge

1

Case No.: 07-5490 PSG
ORDER

# I.     PRELIMINARY JURY INSTRUCTIONS

*Duty of Jury*

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial I will give you final instructions.  You should apply both these preliminary instructions and the final instructions during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Jury Instructions § 1.1B

United States District Court
For the Northern District of California

2

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Claims and Defenses*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Mr. Montiel claims that Sergeant Carl Sheppard and Officer Matthew Williams arrested him without probable cause and during that arrest used excessive force in violation of federal and state law.  Mr. Montiel also asserts that during the arrest, Sergeant Sheppard and Officer Williams engaged in assault and battery, intentional and negligent infliction of emotional distress, and false imprisonment.  Mr. Montiel has the burden of proving these claims.  Sergeant Sheppard and Officer Williams deny those claims.

Mr. Montiel claims that the City of San Jose negligently trained and supervised Sergeant Sheppard and Officer Williams and that it has a custom or policy that tolerates and promotes the continuing use of excessive force, false arrest, and violations of civil rights.  Mr. Montiel has the burden of proving these claims.  The City of San Jose denies those claims.

Authority: Ninth Circuit Model Jury Instructions § 1.2

3

Case No.: 07-5490 PSG
ORDER

*Burden of Proof – Preponderance of the Evidence*

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Ninth Circuit Model Jury Instructions § 1.3

Case No.: 07-5490 PSG
ORDER

*Burden of Proof – Clear and Convincing Evidence*

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Ninth Circuit Model Jury Instructions § 1.4

(*See* Cal. Civil Code § 3924; *but see Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (Ninth Circuit appears to endorse preponderance of evidence for 1983 claims))

Case No.: 07-5490 PSG
ORDER

*What Is Evidence*

The evidence you are to consider in deciding what the facts are consists of:

　　　1.　　　The sworn testimony of any witness;

　　　2.　　　The exhibits which are received into evidence; and

　　　3.　　　Any facts to which the lawyers have agreed.

Authority: Ninth Circuit Model Jury Instructions § 1.6

Case No.: 07-5490 PSG
ORDER

*What Is Not Evidence*

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Ninth Circuit Model Jury Instructions § 1.7

Case No.: 07-5490 PSG
ORDER

*Evidence for a Limited Purpose*

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: Ninth Circuit Model Jury Instructions § 1.8

Case No.: 07-5490 PSG
ORDER

*Direct and Circumstantial Evidence*

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Ninth Circuit Model Jury Instructions § 1.9

Case No.: 07-5490 PSG
ORDER

*Ruling on Objections*

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: Ninth Circuit Model Jury Instructions § 1.10

Case No.: 07-5490 PSG
ORDER

*Credibility of Witnesses*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

      (1)    The opportunity and ability of the witness to see or hear or know the things testified to;

      (2)    The witness's memory;

      (3)    The witness's manner while testifying;

      (4)    The witness's interest in the outcome of the case and any bias or prejudice;

      (5)    Whether other evidence contradicted the witness's testimony;

      (6)    The reasonableness of the witness's testimony in light of all the evidence; and

      (7)    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: Ninth Circuit Model Jury Instructions § 1.11

United States District Court
For the Northern District of California

11

Case No.: 07-5490 PSG
ORDER

*Conduct of the Jury*

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.
> But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or

12

Case No.: 07-5490 PSG
ORDER

commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Jury Instructions § 1.12

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*No Transcript Available to the Jury*

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority: Ninth Circuit Model Jury Instructions § 1.13

14

Case No.: 07-5490 PSG
ORDER

*Taking Notes*

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.

Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: Ninth Circuit Model Jury Instructions § 1.14

Case No.: 07-5490 PSG
ORDER

*Questions to Witnesses by Jurors*

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority: Ninth Circuit Model Jury Instructions § 1.15

Case No.: 07-5490 PSG
ORDER

*Bench Conferences and Recesses*

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Ninth Circuit Model Jury Instructions § 1.18

Case No.: 07-5490 PSG
ORDER

*Outline of Trial*

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Ninth Circuit Model Jury Instructions § 1.19

Case No.: 07-5490 PSG
ORDER

## II.      FINAL JURY INSTRUCTIONS

*Stipulations of Fact*

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

Authority: Ninth Circuit Model Jury Instructions § 2.2

Case No.: 07-5490 PSG
ORDER

*Deposition in Lieu of Live Testimony*

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: Ninth Circuit Model Jury Instruction § 2.4

Case No.: 07-5490 PSG
ORDER

*Transcript of Tape Recording*

You have listened to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you heard something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

Authority: Ninth Circuit Model Jury Instructions § 2.5

Case No.: 07-5490 PSG
ORDER

*Impeachment Evidence*

The evidence that a witness has been convicted of a crime or has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: Ninth Circuit Model Jury Instructions § 2.8

Case No.: 07-5490 PSG
ORDER

*Use of Interrogatories of a Party*

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority: Ninth Circuit Model Jury Instructions § 2.10

Case No.: 07-5490 PSG
ORDER

*Expert Opinion*

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Jury Instructions § 2.11

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Charts and Summaries Not Received in Evidence*

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: Ninth Circuit Model Jury Instructions § 2.12

Case No.: 07-5490 PSG
ORDER

*Duty to Deliberate*

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Ninth Circuit Model Jury Instructions § 3.1

Case No.: 07-5490 PSG
ORDER

*Communication with Court*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Model Jury Instructions § 3.2

Case No.: 07-5490 PSG
ORDER

*Return of Verdict*

A verdict form will be prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: Ninth Circuit Model Jury Instructions § 3.3

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Nonperson Party*

A city, the City of San Jose, is a party in this lawsuit. The City of San Jose is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City of San Jose.

Authority: CACI § 104

Case No.: 07-5490 PSG
ORDER

*Insurance*

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

Authority: CACI § 105

Case No.: 07-5490 PSG
ORDER

*Why Electronic Communications and Research Are Prohibited*

I know that many of us are used to communicating and perhaps even learning by electronic communications and research. However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties. Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence. What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence. Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.

31

Case No.: 07-5490 PSG
ORDER

*Party Having Power to Produce Better Evidence*

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

Authority: CACI § 203

Case No.: 07-5490 PSG
ORDER

*Number of Witnesses*

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.


Authority: O'Malley, Grenig, & Lee, Federal Jury Practice & Instructions, § 104.54 (5th Ed.).

Case No.: 07-5490 PSG
ORDER

*All Persons Equal Before the Law – Individuals*

This case should be considered and decided by as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.


Authority: O'Malley, Grenig, & Lee, Federal Jury Practice & Instructions, § 103.11 (5th Ed.).

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Section 1983 Claim – Introductory Instructions*

Mr. Montiel brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Ninth Circuit Model Jury Instructions § 9.1

Case No.: 07-5490 PSG
ORDER

*Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof*

In order to prevail on his § 1983 claim against the defendants Sergeant Sheppard and Officer Williams, Mr. Montiel must prove each of the following elements by a preponderance of the evidence:

1.   Sergeant Sheppard and/or Officer Williams acted under color of law; and

2.   the acts of Sergeant Sheppard and/or Officer Williams deprived Mr. Montiel of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Sergeant Sheppard and Officer Williams acted under color of law.

If you find Mr. Montiel has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instructions labeled *Particular Rights – Fourth Amendment – Unreasonable Seizure of Person*, your verdict should be for Mr. Montiel.  If, on the other hand, Mr. Montiel has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Model Jury Instructions § 9.2

Case No.: 07-5490 PSG
ORDER

*Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom – Elements and Burden of Proof*

In order to prevail on his § 1983 claim against the City of San Jose alleging liability based on an official policy, practice, or custom, Mr. Montiel must prove each of the following elements by a preponderance of the evidence:

     1.     Sergeant Sheppard and/or Officer Williams acted under color of law;

     2.     the acts of Sergeant Sheppard and/or Officer Williams deprived Mr. Montiel of his particular rights under the United States Constitution as explained in later instructions; and

     3.     Sergeant Sheppard and/or Officer Williams acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the City of San Jose.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Sergeant Sheppard and Officer Williams acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the City of San Jose.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the City of San Jose.

If you find Mr. Montiel has proved each of these elements, and if you find that Mr. Montiel has proved all the elements he is required to prove under Instructions labeled *Particular Rights –*

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Fourth Amendment – Unreasonable Seizure of Person*, your verdict should be for Mr. Montiel. If, on the other hand, Mr. Montiel has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Model Jury Instructions § 9.4

**United States District Court**
For the Northern District of California

Case No.: 07-5490 PSG
ORDER

*Section 1983 Claim Against Local Governing Body Defendants Based on Ratification – Elements and Burden of Proof*

In order to prevail on his § 1983 claim against the City of San Jose alleging liability based on ratification by a final policymaker, Mr. Montiel must prove each of the following elements by a preponderance of the evidence:

    1.    Sergeant Sheppard and/or Officer Williams acted under color of law;

    2.    the acts of Sergeant Sheppard and/or Officer Williams deprived Mr. Montiel of his particular rights under the United States Constitution as explained in later instructions;

    3.    Robert Davis acted under color of law;

    4.    Robert Davis had final policymaking authority from the City of San Jose concerning the acts of Sergeant Sheppard and/or Officer Williams; and

    5.    Robert Davis ratified the acts of Sergeant Sheppard and/or Officer Williams and the basis for it, that is, Robert Davis knew of and specifically approved of the employee's acts.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Sergeant Sheppard and/or Officer Williams acted under color of law.

If you find Mr. Montiel has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction *Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally*, your verdict should be for Mr. Montiel.  If, on the other hand, he has failed to prove any one or more of these elements, your verdict should be for the City of San Jose.

Case No.: 07-5490 PSG
ORDER

1

2

3    Authority: Ninth Circuit Model Jury Instructions § 9.6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Causation*

In order to establish that the acts of Sergeant Sheppard, Officer Williams, Robert Davis and/or the City of San Jose deprived Mr. Montiel of his particular rights under the United States Constitution as explained in later instructions, Mr. Montiel must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

Authority: Ninth Circuit Model Jury Instructions § 9.8

41

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally*

As previously explained, Mr. Montiel has the burden to prove that the acts of Sergeant Sheppard and Officer Williams deprived him of particular rights under the United States Constitution.  In this case, Mr. Montiel alleges Sergeant Sheppard and Officer Williams deprived him of his rights under the Fourth Amendment to the Constitution when Sergeant Sheppard and Officer Williams arrested him using excessive force and without probable cause.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Sergeant Sheppard and Officer Williams deprived Mr. Montiel of this Fourth Amendment right, Mr. Montiel must prove the following additional elements by a preponderance of the evidence:

1.    Sergeant Sheppard and Officer Williams seized Mr. Montiel's person;

2.    in seizing Mr. Montiel's person, Sergeant Sheppard and Officer Williams acted intentionally; and

3.    the seizure was unreasonable.

Sergeant Sheppard and Officer Williams "seize" Mr. Montiel's person when they restrain Montiel's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in Mr. Montiel's position would have felt free to leave, consider all of the circumstances, including

1.    the number of officers present;

42

Case No.: 07-5490 PSG
ORDER

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner would imply that compliance would be compelled; and

5.      whether the officers advised Mr. Montiel that he was free to leave.


A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, Mr. Montiel must prove Sergeant Sheppard and Officer Williams meant to engage in the acts that caused a seizure of his person. Although Mr. Montiel does not need to prove Sergeant Sheppard and Officer Williams intended to violate his Fourth Amendment rights, it is not enough if Mr. Montiel only proves Sergeant Sheppard and Officer Williams acted negligently, accidentally or inadvertently in conducting the search.


Authority: Ninth Circuit Model Jury Instructions § 9.18

Case No.: 07-5490 PSG
ORDER

*Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Probable Cause Arrest*

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe Mr. Montiel has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Mr. Montiel must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that Mr. Montiel has committed or was committing a crime.

Under state law, it is a crime to be found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others.  It also is a crime to interfere with or obstruct or prevent the free use of any street, sidewalk, or other public way by being under the influence of intoxicating liquor, drug, controlled substance, toluene, or combination thereof.

.

Authority: Ninth Circuit Model Jury Instructions § 9.20; Cal. Penal Code § 647(f)

44

Case No.: 07-5490 PSG
ORDER

*Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force*

In general, a seizure of a person is unreasonable under the Fourth Amendment if police officers use excessive force in making a lawful arrest and in defending themselves or others. Thus, in order to prove an unreasonable seizure in this case, Mr. Montiel must prove by a preponderance of the evidence that the officers used excessive force when Sergeant Sheppard and Officer Williams arrested him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether Mr. Montiel posed an immediate threat to the safety of the officers or to others;

3.  Whether Mr. Montiel was actively resisting arrest or attempting to evade arrest by flight;

4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

5.  The type and amount of force used.

45

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

Authority: Model Jury Instructions § 9.22

Case No.: 07-5490 PSG
ORDER

*Particular Rights – Eighth Amendment – Claim Regarding Conditions of Confinement/Medical Care*

As previously explained, Mr. Montiel has the burden to prove that the acts of Officer Williams and/or Sergeant Sheppard deprived Mr. Montiel of particular rights under the United States Constitution.

In this case, Mr. Montiel alleges Officer Williams and/or Sergeant Sheppard deprived him of his rights under the Eighth Amendment to the Constitution when Officer Williams and Sergeant Sheppard took Mr. Montiel to Valley Medical Center for treatment for his arm.

Under the Eighth Amendment, a detained citizen has the right to be free from "cruel and unusual punishments." This includes the right to medical attention for serious medical needs. In order to prove Officer Williams and/or Sergeant Sheppard deprived Mr. Montiel of this right, Mr. Montiel must prove the following additional elements by a preponderance of the evidence:

1.    Mr. Montiel faced a serious medical need;

2.    Officer Williams and/or Sergeant Sheppard were deliberately indifferent to that medical need, that is, Officer Williams and/or Sergeant Sheppard knew of it and disregarded it by failing to take reasonable measures to address it; and

3.    the acts of Officer Williams and/or Sergeant Sheppard caused harm to Mr. Montiel.

In determining whether Officer Williams and/or Sergeant Sheppard violated Mr. Montiel's rights as alleged, you should give deference to officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security.

Authority: Ninth Circuit Model Jury Instruction § 9.25

47

Case No.: 07-5490 PSG
ORDER

*Negligence – Essential Factual Elements*

Mr. Montiel claims that he was harmed by Sergeant Sheppard's and/or Officer Williams' negligence. To establish this claim, Mr. Montiel must prove all of the following:

1.      That Sergeant Sheppard and/or Officer Williams were negligent;

2.       That Mr. Montiel was harmed; and

3.      That Sergeant Sheppard's and/or Officer Williams's negligence was a substantial factor in causing his harm.


Authority: CACI § 400

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Basic Standard of Care*

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Sergeant Sheppard's and/or Officer Williams's situation.

Authority: CACI § 401

Case No.: 07-5490 PSG
ORDER

*Intoxication*

A person is not necessarily negligent just because he or she used alcohol. However, people who drink alcohol must act just as carefully as those who do not.

Authority: CACI § 404

Case No.: 07-5490 PSG
ORDER

*Comparative Fault of Plaintiff*

Sergeant Sheppard and Officer Williams claim that Mr. Montiel's own negligence contributed to his harm. To succeed on this claim, Sergeant Sheppard and Officer Williams must prove both of the following:

1.      That Mr. Montiel was negligent; and

2.      That Mr. Montiel's negligence was a substantial factor in causing his harm.

If Sergeant Sheppard and Officer Williams prove the above, Mr. Montiel's damages are reduced by your determination of the percentage of Mr. Montiel's responsibility. I will calculate the actual reduction.

Authority: CACI § 405

Case No.: 07-5490 PSG
ORDER

*Apportionment of Responsibility*

Sergeant Sheppard and Officer Williams claim that the fault of the City of San Jose contributed to Mr. Montiel's harm. To succeed on this claim, Sergeant Sheppard and Officer Williams must prove both of the following:

      1.     That the City of San Jose was at fault; and

      2.     That the fault of the City of San Jose was a substantial factor in causing Mr.

                Montiel's harm.

If you find that the fault of more than one person including Sergeant Sheppard and Officer Williams and Mr. Montiel and the City of San Jose was a substantial factor in causing Mr. Montiel's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Mr. Montiel's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

Authority: CACI § 406

Case No.: 07-5490 PSG
ORDER

*Substantial Factor*

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority: CACI § 430

Case No.: 07-5490 PSG
ORDER

*Alternative Causation*

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Mr. Montiel's harm. If you cannot decide whether Sergeant Sheppard or Officer Williams caused Mr. Montiel's harm, you must decide that each of them is responsible for the harm.

However, if either Sergeant Sheppard or Officer Williams proves that he did not cause Mr. Montiel's harm, then you must conclude that he is not responsible.

Authority: CACI § 434

54

Case No.: 07-5490 PSG
ORDER

*Battery – Essential Factual Elements*

Mr. Montiel claims that Sergeant Sheppard and/or Officer Williams committed a battery.

To establish this claim, Mr. Montiel must prove all of the following:

1.      That Sergeant Sheppard and/or Officer Williams touched Mr. Montiel with the

intent to harm or offend him;

2.      That Mr. Montiel did not consent to the touching; and

3.      That Mr. Montiel was harmed by Sergeant Sheppard and/or Officer Williams'

conduct; and

4.      That a reasonable person in Mr. Montiel's situation would have been offended by

the touching.

Authority: CACI § 1300

Case No.: 07-5490 PSG
ORDER

*Battery by Peace Officer*

Mr. Montiel claims that Sergeant Sheppard and/or Officer Williams harmed him by using unreasonable force to arrest him. To establish this claim, Mr. Montiel must prove all of the following:

1. That Sergeant Sheppard and/or Officer Williams intentionally touched Mr. Montiel;

2. That Sergeant Sheppard and/or Officer Williams used unreasonable force to arrest Mr. Montiel;

3. That Mr. Montiel did not consent to the use of that force;

4. That Mr. Montiel was harmed; and

5. That Sergeant Sheppard's and/or Officer Williams' use of unreasonable force was a substantial factor in causing Mr. Montiel's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Sergeant Sheppard and Officer Williams used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Sergeant Sheppard's and Officer Williams' positions under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of the crime at issue;

(b) Whether Mr. Montiel reasonably appeared to pose an immediate threat to the safety of Sergeant Sheppard and/or Officer Williams or others; and

(c) Whether Mr. Montiel was actively resisting arrest or attempting to evade arrest.

56

Case No.: 07-5490 PSG
ORDER

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Authority: CACI § 1305

United States District Court
For the Northern District of California

Case No.: 07-5490 PSG
ORDER

*Intent*

Sergeant Sheppard and/or Officer Williams acted intentionally if they intended to commit a battery or if they were substantially certain that the battery would result from their conduct.

Authority: CACI § 1320

Case No.: 07-5490 PSG
ORDER

*False Arrest Without Warrant by Peace Officer – Essential Factual Elements*

Mr. Montiel claims that he was wrongfully arrested by Sergeant Sheppard and/or Officer Williams. To establish this claim, Mr. Montiel must prove all of the following:

1.   That Sergeant Sheppard and/or Officer Williams arrested Mr. Montiel without a warrant;

2.   That Mr. Montiel was actually harmed; and

3.   That Sergeant Sheppard's and/or Officer Williams' conduct was a substantial factor in causing Mr. Montiel's harm.

Authority: CACI § 1401

Case No.: 07-5490 PSG
ORDER

*False Arrest Without Warrant – Affirmative Defenses – Peace Officer – Probable Cause to Arrest*

Sergeant Sheppard and/or Officer Williams claims the arrest was not wrongful because they had the authority to arrest Mr. Montiel without a warrant.

If Sergeant Sheppard and/or Officer Williams prove that Mr. Montiel was acting as if intoxicated in public or in a manner threatening to the officers, then Sergeant Sheppard and/or Officer Williams had the authority to arrest Mr. Montiel without a warrant.

Authority: CACI § 1402

60

Case No.: 07-5490 PSG
ORDER

*Intentional Infliction of Emotional Distress – Essential Factual Elements*

Mr. Montiel claims that Sergeant Sheppard's and/or Officer Williams' conduct caused him to suffer severe emotional distress. To establish this claim, Mr. Montiel must prove all of the following:

1.      That Sergeant Sheppard's and/or Officer Williams' conduct was outrageous;

2.      That Sergeant Sheppard and/or Officer Williams intended to cause Mr. Montiel emotional distress;

3.      That Mr. Montiel suffered severe emotional distress; and

4.      That Sergeant Sheppard's and/or Officer Williams' conduct was a substantial factor in causing Mr. Montiel's severe emotional distress.

Authority: CACI § 1600

Case No.: 07-5490 PSG
ORDER

*Intentional Infliction of Emotional Distress – Outrageous Conduct Defined*

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sergeant Sheppard's and/or Officer Williams' conduct was outrageous, you may consider, among other factors, the following:

    (a)    Whether Sergeant Sheppard and/or Officer Williams abused a position of authority or a relationship that gave them real or apparent power to affect Mr. Montiel's interests;

    (b)    Whether Sergeant Sheppard and/or Officer Williams knew that Mr. Montiel was particularly vulnerable to emotional distress; and

    (c)    Whether Sergeant Sheppard and/or Officer Williams knew that their conduct would likely result in harm due to mental distress.

Authority: CACI § 1602

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Intentional Infliction of Emotional Distress – Reckless Disregard*

Sergeant Sheppard and/or Officer Williams acted with reckless disregard in causing Mr. Montiel emotional distress if:

    1.     Sergeant Sheppard and/or Officer Williams knew that emotional distress would probably result from their conduct; or

    2.     Sergeant Sheppard and/or Officer Williams gave little or no thought to the probable effects of their conduct.

Authority: CACI § 1603

Case No.: 07-5490 PSG
ORDER

*Intentional Infliction of Emotional Distress – Severe Emotional Distress Defined*

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Mr. Montiel is not required to prove physical injury to recover damages for severe emotional distress.

Authority: CACI § 1604

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

*Intentional Infliction of Emotional Distress – Affirmative Defense – Privileged Conduct*

Sergeant Sheppard and/or Officer Williams claim that they are not responsible for Mr. Montiel's harm, if any, because Sergeant Sheppard's and/or Officer Williams' conduct was permissible. To succeed, Sergeant Sheppard and/or Officer Williams must prove all of the following:

1. That Sergeant Sheppard and/or Officer Williams were exercising their legal right to perform an arrest;

2. That Sergeant Sheppard's and/or Officer Williams' conduct was lawful and consistent with community standards; and

3. That Sergeant Sheppard and/or Officer Williams had a good-faith belief that they had a legal right to engage in the conduct.

If you find all of the above, then Sergeant Sheppard's and/or Officer Williams' conduct was permissible.

Authority: CACI § 1605

65

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Bane Act – Essential Factual Elements (Civil Code § 52.1)*

Mr. Montiel claims that Sergeant Sheppard and/or Officer Williams intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim Mr. Montiel must prove all of the following:

1.    That Sergeant Sheppard and/or Officer Williams acted violently against Mr. Montiel to prevent him from exercising his right to be free from unreasonable seizure under the Fourth Amendment;

2.    That Mr. Montiel was harmed; and

3.    That Sergeant Sheppard's and/or Officer Williams' conduct was a substantial factor in causing Mr. Montiel's harm.

Authority: CACI § 3066

Case No.: 07-5490 PSG
ORDER

*Vicarious Liability*

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

Authority: CACI § 3700

Case No.: 07-5490 PSG
ORDER

*Tort Liability Asserted Against Principal – Essential Factual Elements*

Mr. Montiel claims that he was harmed by Sergeant Sheppard's and/or Officer Williams' negligence, battery, intentional infliction of emotional distress, and false imprisonment.

Mr. Montiel also claims that the City of San Jose is responsible for the harm because Sergeant Sheppard and/or Officer Williams were acting as its employees when the incident occurred.

If you find that Sergeant Sheppard's and/or Officer Williams's negligence, battery, intentional infliction of emotional distress, and/or false imprisonment harmed Mr. Montiel, then you must decide whether the City of San Jose is responsible for the harm. The City of San Jose is responsible if Mr. Montiel proves both of the following:

1.     That Sergeant Sheppard and/or Officer Williams were the City of San Jose's employee; and

2.     That Sergeant Sheppard and/or Officer Williams were acting within the scope of their employment when they harmed Mr. Montiel.

Authority: CACI § 3701

Case No.: 07-5490 PSG
ORDER

*Legal Relationship Not Disputed*

In this case Sergeant Sheppard and Officer Williams were the employees of the City of San Jose. If you find that Sergeant Sheppard and/or Officer Williams were acting within the scope of their employment when the incident occurred, then the City of San Jose is responsible for any harm caused by Sergeant Sheppard's and/or Officer Williams' negligence, battery, intentional infliction of emotional distress, and false imprisonment.

Authority: CACI § 3703

Case No.: 07-5490 PSG
ORDER

*Ratification*

Mr. Montiel claims that the City of San Jose is responsible for the harm caused by Sergeant Sheppard's and/or Officer Williams' conduct because it approved that conduct after it occurred. If you find that Sergeant Sheppard and/or Officer Williams harmed Mr. Montiel, you must decide whether the City of San Jose approved that conduct. To establish his claim, Mr. Montiel must prove all of the following:

1.    That Sergeant Sheppard and/or Officer Williams intended to act on behalf of the City of San Jose;

2.    That the City of San Jose learned of Sergeant Sheppard's and/or Officer Williams' conduct after it occurred; and

3.    That the City of San Jose approved Sergeant Sheppard's and/or Officer Williams' conduct.

Approval can be shown through words, or it can be inferred from a person's conduct.

Authority: CACI § 3710

Case No.: 07-5490 PSG
ORDER

*Scope of Employment – Peace Officer's Misuse of Authority*

Mr. Montiel must prove that Sergeant Sheppard and/or Officer Williams were acting within the scope of their employment when Mr. Montiel was harmed.

The conduct of a peace officer is within the scope of his employment as a peace officer if all of the following are true:

      (a)     The conduct occurs while the peace officer is on duty as a peace officer;

      (b)     The conduct occurs while the peace officer is exercising his authority as a peace officer; and

      (c)     The conduct results from the use of his authority as a peace officer.

Authority: CACI § 3721

Case No.: 07-5490 PSG
ORDER

**United States District Court**
For the Northern District of California

*Comparative Fault Between and Among Tortfeasors*

The City of San Jose claims that it is required to pay a court judgment in favor of Mr. Montiel and that the Officer Williams and Sergeant Sheppard must reimburse the City of San Jose based on their share of responsibility. In order for the City of San Jose to recover from Officer Williams and Sergeant Sheppard, the City of San Jose must prove both of the following:

1.      That Officer Williams and/or Sergeant Sheppard engaged in negligence, battery, intentional infliction of emotional distress, and false imprisonment; and

2.      That Officer Williams and/or Sergeant Sheppard's negligence, battery, intentional infliction of emotional distress, and false imprisonment contributed as a substantial factor in causing Mr. Montiel's harm.

You will be asked to determine the percentages of responsibility of Officer Williams and/or Sergeant Sheppard and the City of San Jose for Mr. Montiel's harm.

Authority: CACI § 3800

72

Case No.: 07-5490 PSG
ORDER

*Damages – Proof*

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Montiel, you must determine his damages. Mr. Montiel has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;

- The mental, physical, and/or emotional pain and suffering experienced; and

- The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Model Jury Instructions §§ 5.1, 5.2

Case No.: 07-5490 PSG
ORDER

United States District Court
For the Northern District of California

*Damages – Mitigation*

Mr. Montiel has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Sergeant Sheppard, Officer Williams, and the City of San Jose have the burden of proving by a preponderance of the evidence:

      1.    that Mr. Montiel failed to use reasonable efforts to mitigate damages; and

      2.    that the amount by which damages would have been mitigated.


Authority: Ninth Circuit Model Jury Instructions § 5.3

Case No.: 07-5490 PSG
ORDER

*Punitive Damages*

If you find for Mr. Montiel, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Mr. Montiel has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Sergeant Sheppard's and/or Officer Williams' conduct that harmed Mr. Montiel was malicious, oppressive or in reckless disregard of Mr. Montiel's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Mr. Montiel.  Conduct is in reckless disregard of Mr. Montiel's rights if, under the circumstances, it reflects complete indifference to his safety or rights, or if Sergeant Sheppard and/or Officer Williams act in the face of a perceived risk that their actions will violate Mr. Montiel's rights under federal law.  An act or omission is oppressive if Sergeant Sheppard and/or Officer Williams injure or damage or otherwise violate the rights of Mr. Montiel with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Mr. Montiel.

If you find that punitive damages are appropriate, you must use reason in setting the amount.

Case No.: 07-5490 PSG
ORDER

Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Sergeant Sheppard's and/or Officer Williams' conduct.

76

Case No.: 07-5490 PSG
ORDER

*Nominal Damages*

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority: Ninth Circuit Model Jury Instructions § 5.6

Case No.: 07-5490 PSG
ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Case No.: 07-5490 PSG
ORDER